Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82001
Telephone: 307.778.4200
bcave@hollandhart.com

Yan Ge (admitted *pro hac vice*)
Michael Amberg (admitted *pro hac vice*)
Wenfeng Su (admitted *pro hac vice*)
KING & WOOD MALLESONS LLP
535 Middlefield Road, Suite 245
Menlo Park, CA 94025
Telephone: (650) 858-1285
geyan@us.kwm.com
michael.amberg@us.kwm.com
wenfeng.su@us.kwm.com

Bing Cheng (admitted *pro hac vice*)
KING & WOOD MALLESONS LLP
500 5th Ave #50
New York, NY 10036
Telephone: (212) 319-4755
chengbing@cn.kwm.com

COUNSEL FOR PETITIONER
WEIHAI TEXTILE GROUP IMPORT & EXPORT CO. LTD.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WEIHAI TEXTILE GROUP IMPORT & EXPORT CO., LTD., | ) ) ) | |
| *Petitioner*, | ) ) | |
| v. | ) ) | Case No. 2:21-mc-00147-SWS |
| ERUPTION HOLDINGS, INC., | ) ) ) | |
| *Respondent*. | ) | |

## PETITIONER WEIHAI TEXTILE GROUP IMPORT & EXPORT CO., LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

## PRELIMINARY STATEMENT

Petitioner Weihai Textile Group Import & Export Co., Ltd. ("Weihai") has every interest in seeing the speedy confirmation of an arbitral award decided in its favor. In contrast, Respondent Eruption Holdings, Inc. ("Eruption") is asserting a defense for the first time in this summary proceeding but now opposes any probing of the truth of that defense. By objecting to limited discovery into affirmative defenses it chose to raise, Eruption is trying to have its cake and eat it too. Eruption's objections should be disregarded, particularly when it failed to appear and raise such defenses in the arbitration despite being served four separate notices by the arbitral institution.

Weihai's need for discovery is relevant and necessary to respond to Eruption's late-asserted and meritless defense that it is not a party to the six purchase orders (the "Sales Contracts") that gave the arbitrator jurisdiction to render the award (the "Award"). Although Weihai disagrees that 9 U.S.C. § 202 bars the application of the New York Convention, it is entitled to discovery on the full picture of the relationships between Eruption, Francis Liang ("Liang"), York Liu, and Feimann Group to respond to Eruption's argument on factual grounds as well. Because Eruption has denied that Liang and Liu had the authority to bind Eruption under the Sales Contracts, Weihai needs discovery into Eruption's relationship with those two individuals.

## ARGUMENT

I.   **The extent of Eruption's relationship with Liang is highly relevant to addressing Eruption's defense and no alternative means exist to uncover the truth.**

Discovery in a proceeding to confirm an arbitral award is governed by the Federal Rules of Civil Procedure and is available where relevant and necessary to the determination of an issue raised by such an application. *Frere v. Orthofix, Inc.*, No. 00CIV.1968(RMB)(MHD), 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000) (citing cases and ordering limited discovery in proceeding to vacate arbitral award, including document requests, the disclosure of individuals present during

specific discussions and even depositions of certain individuals to explore the circumstances surrounding the arbitration award and communications with the arbitrator concerning the scope of his authority). In judging discovery requests in this context, a court must weigh the asserted need for undisclosed information and assess the impact on the arbitral process of granting such discovery. *Id.* at *5. The inquiry is entirely practical and is keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without further disclosure. *Id.*; *see also Pershing LLC v. Kiebach*, No. CV 14-2549, 2017 WL 604033, at *3 (E.D. La. Feb. 15, 2017) (holding that the requested discovery may proceed where the request is reasonable, the requesting party provides more than vague assertions that discovery will produce needed, but unspecified facts, and the court finds that more information is needed before resolving the disputed issues).

According to Eruption, should it succeed in its argument that it was not a party to the Sales Contracts, the New York Convention would not apply to the award and the Court should therefore deny the Petition. *Br. in Supp. of Mot. to Set Aside or Refuse Arbitral Award* ("Br."), Dkt. 12 at 18. Assuming this is true—it is not—limited discovery on whether Eruption is a party to the Sales Contracts would be critical to the outcome of this proceeding. The extent of the relationship between Eruption and Liang is at the heart of this issue, making limited discovery into Eruption's communications with Liang leading up to the provision of Liang's @eruptioninc.com email address and the wiring of $300 to Weihai entirely appropriate. Without this discovery, Weihai will be unfairly disadvantaged by having to litigate this issue without opportunity to test the veracity of the Legge affidavits. *See, e.g.*, *Ward v. Express Messenger Sys., Inc.*, No. 17-CV-2005-NYW, 2020 WL 6828103, at *6 (D. Colo. Jan. 14, 2020) ("[D]iscovery plays an important role in the United States' adversarial system, as it allows parties to develop the facts surrounding a matter in

a 'quest for truth.'") (citing *Fed. Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1529–30 (10th Cir.1991).

Here, Eruption, not Weihai, has raised new allegations—allegations it failed to present to the arbitral tribunal—to challenge the validity of the tribunal's holding that "the six contracts in this Case are valid and legally binding on both parties." Pet., Dkt. 1, Ex. 1 at 16. Eruption should not be permitted to assert a defense based on new allegations while at the same time resisting discovery concerning those allegations. Without limited discovery, Weihai would be denied any meaningful opportunity to investigate and test the claims underlying Eruption's defense, and the Court might have to resolve this issue relying on Mr. Legge's untested affidavits. Moreover, while confirmation under the New York Convention is a summary proceeding by nature, that is the result of a strong policy favoring expeditious *enforcement* of arbitration awards. *See*, *e.g.*, *Shepherd v. LPL Fin. LLC*, No. 5:17-CV-150-D, 2019 WL 1244699, at *2 (E.D.N.C. Mar. 18, 2019) (reasoning that allowing broad discovery post-arbitration would make arbitration just "the first step in the litigation process," would "negate the concept of arbitration as a relatively quick means of dispute resolution, and would only protract and delay the termination of the arbitration proceeding"). That policy preference is not implicated where, as here, the party that won the arbitration is being forced to seek discovery. *See*, *e.g.*, *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 943 (N.D. Ill. 2010) ("[Post-arbitration discovery] is often a tactic employed by disgruntled or suspicious parties who, having lost the arbitration, are anxious for another go at it."). Accordingly, Weihai's limited discovery requests should be granted.

## II.     Weihai has articulated specific factual ambiguities warranting further investigation.

Weihai seeks to probe the truth of specific inconsistencies in Eruption's story regarding its relationship with Liang and Weihai, not to engage in a fishing expedition. In its Motion, Weihai pointed to specific facts for which Eruption has offered no plausible explanation. Instead, Eruption

has attempted to minimize the importance of those facts because they undermine its asserted defense. But its explanations as to why those facts should be ignored make little sense.

For instance, Eruption tries to gloss over the fact that it provided Liang, whom it "never considered as an authorized agent, an employee, an affiliate or a shareholder," with an email address in March 2018. Br. at 7; *Resp. in Opp. to Motion* ("Opp."), Dkt. 19 at 2. The explanation that Mr. Legge "intended for this gesture to assist with communications regarding Eruption's order with the Feimann Group in March of 2018," *Aff. of John Legge*, Dkt. 19-1 at ¶ 3, is nonsensical and does not pass the smell test. It is hard to comprehend how a purchaser providing a supplier with an email address from the purchaser's domain would improve communications.

Eruption's explanation for acceding to Liang's request that Eruption wire Weihai $300 is similarly nonsensical. Eruption wants the Court to believe that it wired the money to assist Feimann with its manufacturer relationships. *Aff. of John Legge*, Dkt. 12-1 at ¶ 33. But Eruption does not explain how a wire transfer from *Eruption's* account would benefit *Feimann's* relationships with its manufacturers. Instead, it asks that the wire transfer "not be overly scrutinized." Opp. at 2.

Finally, Eruption tries to diminish the significance of the multiple email notices to Mr. Legge of the outstanding payments owed to Weihai by contradicting the record. Eruption claims that Mr. Legge ignored the emails and that he was justified in doing so because the emails contained Chinese writing. Opp. at 3. But the only Chinese in the emails is Weihai's address, which is also stated in English. *Decl. of Ying Liu in Supp. of Motion*, Dkt. 17-1 at Exs. 8, 9.

Eruption's dismissive and nonsensical responses when presented with these three pieces of evidence that do not fit its "fraud" narrative show the need for the limited discovery requested.

**III.   It is not unusual for courts to authorize limited post-arbitration discovery regarding statements made in the pleadings.**

While post-arbitration discovery is generally discouraged, it is by no means unprecedented,

as Eruption claims. Courts grant limited post-arbitration discovery where needed to investigate statements made in the pleadings, including affirmative defenses. *See Batesville Casket Co. v. United Steelworkers of Am.*, No. 4:07-CV-12, 2007 WL 4289983, at *5 (E.D. Tenn. Dec. 5, 2007) (requiring explanation from defendant); *Hardin Const. Grp., Inc. v. Fuller Enters., Inc.*, 265 Ga. 770, 771, 462 S.E.2d 130, 131 (1995) (discovery related to affirmative defenses); *Pershing LLC*, 2017 WL 604033, at *1 (to determine if the arbitral tribunal made an erroneous evidentiary ruling).

Discovery is appropriate where a party contends that it is not subject to an arbitration award because it was not a party to the underlying agreement. *Prospect Funding Holdings (NY), LLC v. Ronald J. Palagi, P.C., L.L.C.*, No. 8:18-CV-15, 2018 WL 2926296, at *6 (D. Neb. June 8, 2018). In *Prospect Funding*, a lawsuit-funding finance firm sought to confirm a default arbitral award it had obtained against a law firm and its client. *Id.* at *1. Because the law firm was not a party to the agreement between its client and the finance firm, it argued that it was not subject to the arbitral award. *Id.* at *6. The court noted the force behind this argument but also recognized that the law firm could nevertheless be bound to the agreement under the theory of "incorporation by reference, assumption, agency, veil-piercing/alter ego, or estoppel." *Id.* at *7. However, because the court was not presented with evidence relevant to those theories, it ordered discovery on this issue. *Id.*

Here, Eruption has raised the same argument as the law firm in *Prospect Funding*: that it was not a signatory to the Sales Contracts and therefore not in a legal relationship with Weihai. Discovery into that issue is warranted here for the same reasons as it was in *Prospect Funding*.

## **CONCLUSION**

For the foregoing reasons, Weihai respectfully requests that the Court grant its Motion to conduct limited discovery on the issues identified therein and such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of September 2021.

By: /s/ Bradley T. Cave
Bradley T. Cave, P.C. (Wyo. State Bar # 5-2792)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82001
Telephone: 307.778.4200
bcave@hollandhart.com

Yan Ge (admitted *pro hac vice*)
Michael Amberg (admitted *pro hac vice*)
Wenfeng Su (admitted *pro hac vice*)
KING & WOOD MALLESONS LLP
535 Middlefield Road, Suite 245
Menlo Park, CA 94025
Telephone: (650) 858-1285
geyan@us.kwm.com
michael.amberg@us.kwm.com
wenfeng.su@us.kwm.com

Bing Cheng (admitted *pro hac vice*)
KING & WOOD MALLESONS LLP
500 5th Ave #50
New York, NY 10036
Telephone: (212) 319-4755
chengbing@cn.kwm.com

COUNSEL FOR PETITIONER
WEIHAI TEXTILE GROUP
IMPORT & EXPORT CO. LTD

17413218_v1