Ryan L. Ford, WSB# 7-4667, rford@wpdn.net
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
PO Box 10700
Casper, WY 82602
(307) 265-0700

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WEIHAI TEXTILE GROUP IMPORT & EXPORT CO., LTD., )<br><br>*Petitioner,* )<br><br>v. )<br><br>ERUPTION HOLDINGS, INC., )<br><br>*Respondent.* ) | Case No.: 2:21-MC-00147-SWS |

---

## RESPONSE IN OPPOSITION TO WEIHAI'S MOTION FOR EXTENSION OF TIME TO COMPLETE LIMITED DISCOVERY AND TO RESPOND

---

Eruption Holdings, Inc. (hereinafter referred to as "Eruption"), by and through its undersigned counsel, hereby submits its RESPONSE IN OPPOSITION TO WEIHAI'S MOTION FOR EXTENSION OF TIME TO COMPLETE LIMITED DISCOVERY AND RESPOND, opposing Petitioner Weihai Textile Group Import & Export Co., Ltd. ("Weihai")'s Doc. No. 22 (hereinafter referred to as the "MOTION FOR EXTENSION"), as follows:

## INTRODUCTION

Eruption has at all times sought to seek a prompt, complete, and fair resolution to Francis Liang's and the Feimann Group's third party fraud against Weihai and Eruption. Eruption fully complied with Weihai's inquiries through its agents prior to this proceeding, and received no further communication from Weihai until this action was filed. During this intervening period, Weihai's arbitration proceedings and investigations through its agents *should* have uncovered

Liang's third party fraud and Eruption's innocence as a fellow defrauded party had it exercised a modicum of due diligence during the near two and a half year period it sat on its hands. *See* Doc. 19 at pgs. 6-8. In September, Weihai sought to conduct limited discovery over information it either already had, or simply chose not to obtain. Eruption warned that Weihai's request to conduct discovery was a mere attempt to bootstrap for an extension of time to respond to Eruption's compelling arguments seeking:

> Undeniably, Petitioner had direct and indirect knowledge of the allegations asserted by Eruption in this matter – knowledge which extended well before the instigation of the arbitration proceedings. Despite that fact, Petitioner put its head in the sand and is now asking the Court to make Eruption bear the brunt and the expense of a fact-finding fiasco.

Doc. 19, pg. 10. Yet Weihai pressed on under the guise of needing more information.

Pursuant to this Court's September 29, 2021 ORDER GRANTING PETITIONER'S MOTION TO CONDUCT LIMITED DISCOVERY, Weihai was allowed to propound written interrogatories and requests for production, and to depose John Legge, all to be completed on or before December 17, 2021. Weihai's response to ERUPTION'S MOTION TO SET ASIDE OR REFUSE ARBITRAL AWARD was to be filed on or before January 7, 2022. All of this provided a reasonable timeframe, especially in light of the intervening periods during which Weihai did very little to discover the obvious: Francis Liang's third party fraud and Eruption's innocence as a defrauded party itself.

Weihai took its time with the discovery order it so desperately sought. One month later, on October 27, 2021, Weihai finally sent its written interrogatories and requests for production; essentially seeking the **same information** Weihai already had and/or that Eruption had already included in its pleadings. Notwithstanding a great deal of duplication, Eruption undertook the time and expense incident to a complete and timely response. Despite this expenditure, in the four

(4) months following Eruption's MOTION TO SET ASIDE OR REFUSE ARBITRAL AWARD was filed, Weihai has yet to submit its response to Eruption's substantive arguments.

With the discovery cutoff and deadline to respond looming, Weihai again seeks to delay prompt and fair resolution of this matter by asking for a twenty-eight (28) day extension of time to continue discovery and respond to Eruption's MOTION TO SET ASIDE OR REFUSE ARBITRAL AWARD, citing its assignment of claims against Eruption to its insurer, China Export & Credit Insurance Corporation ("Sinosure"), which has fully compensated Weihai for Mr. Liang's fraud. Because Weihai's dilatory conduct leading up to this request does not support a finding of good cause for an extension, its MOTION FOR EXTENSION must be denied.

## ARGUMENT

Motions to modify a scheduling order to extend discovery prior to the discovery cutoff are governed by FED. R. CIV. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."[1] In the Tenth Circuit, it has long been held that "[w]hether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (compiling cases). *Smith* identified several factors courts examine in weighing whether a movant has shown good cause applicable to extending a discovery deadline, including:

---

[1] Tenth Circuit courts have also considered motions to extend discovery made before the discovery cutoff as governed by Fed. R. Civ. P. 6(b), which provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Courts have generally held that, under either rule, the standard for good cause is the same. *See Candelaria v. Molina Healthcare, Inc.*, No. CV 18-725 WJ/GBW, 2019 WL 4643946, at *4 (D.N.M. Sept. 24, 2019) ("It is difficult to determine, based on existing Tenth Circuit precedent, whether 'good cause' has precisely the same meaning under Rules 16(b)(4) and 6(b)(1). There is some reason to believe that it does"); *See also Bagher v. Auto-Owners Ins. Co.*, No. 12-CV-00980-REB-KLM, 2013 WL 5417127, at *2 (D. Colo. Sept. 26, 2013) (using Rule 16(b) and *Smith* factors to analyze good cause where motion to extend was filed before discovery cutoff). In any event, the "good cause" analysis under *Smith* applies here.

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* Tenth Circuit courts consider the movant's diligence the most important factor. *Heuskin v. D&E Transp., LLC*, No. CV 19-957 MV/GBW, 2020 WL 5367027, at \*4 (D.N.M. Sept. 8, 2020). "[T]his standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D.Colo.2001)).

Almost all of the *Smith* factors weigh against granting Weihai's MOTION FOR EXTENSION. The first factor is either inapplicable or disfavor's Weihai. While a "trial" may not be imminent, Weihai's long-awaited response to Eruption's motion to deny the arbitral award is quickly approaching. After four (4) months, it is time Weihai address Eruption's arguments on the merits. The second and third factors also weigh against granting an extension. Eruption, the non-moving party, opposes this motion, in part because this sort of endless discovery period can only prejudice Eruption, a now-defunct entity, by exhausting its former president John Legge's personal financial resources and causing him the stress and trauma incident to repeated requests of information he has already put on the table.

The fourth factor, Weihai's diligence, weighs most strongly against its request for an extension. Not only did Weihai wait two and a half years between the time it was defrauded by Mr. Liang and the Feimann Group to start asking questions, but it should have immediately jumped at the opportunity to conduct its discovery when this Court granted its request on September 29, especially in light of its claimed urgent need to do so. *See* Doc. 17. Instead, it waited until December 5, just 12 days before the discovery cutoff, to request a stipulation for Sinosure

to conduct discovery, "including but not limited to deposing Mr. John Legge." Doc. 22, pg. 2.  It offers no explanation as to why it did not do so before Sinosure's entrance. Weihai's conduct is similar to the movant's in *Ruleford v. Tulsa World Pub. Co.*, 266 F. App'x 778 (10th Cir. 2008), which <u>also</u> involved "numerous delays and requests for extension for time." *Id.* at 785. In *Ruleford,* the moving party waited until the end of the discovery period to notice depositions, necessitating the need for a joint motion to extend the discovery deadline. *Id.* at 786. The Tenth Circuit affirmed the district court's finding no good cause for the requested extension, citing the movant's general "dilatory" nature in discovery leading up to the last-minute move. *Id* at 786. Weihai should have acted promptly to move this discovery forward following this Court's Order, instead of waiting until now to act. The same is true for its response. Now, four (4) months after Eruption's motion to deny the arbitral award, and over a month after this Court granted its seemingly urgent request, Weihai's renewed ploy to stall and drain Eruption and John Legge personally is dilatory at worst, inexcusable at best, and anything but diligent.

The fifth factor hardly weighs in Weihai's favor. Almost everything disclosed by Eruption in its responses to Weihai's written discovery was already disclosed through Eruption's pleadings or was discoverable in the two and a half year period between Mr. Liang's fraud and now. While Weihai cites Sinosure's entry into the picture as the assignee of its claims to argue for the extension, this cannot rise to the level of an unforeseeable event necessitating additional discovery. It would be unbelievable that Sinosure, a sophisticated insurer, did not also have access to the litany of information Weihai also had and sought, especially considering it "compensated Weihai for its losses stemming from the six sales contracts" at issue. Doc. 22, pg. 2.

The sixth and final factor weighs against Weihai. The extension would not lead to any additional relevant evidence not already disclosed by Eruption or available to Weihai, certainly in

light of the expense associated with additional discovery to appease Sinosure. *See Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do and should remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests") (internal quotations omitted). As Eruption has indicated since the inception of these proceedings, "all of Eruption's cards are on the table." Doc. 19, pg. 5. There was nothing of substance to gain from discovery not disclosed or discoverable by Weihai, and certainly nothing more to gain that warrants an extension.

At its core, Weihai cites Sinosure's entry as the assignee of its claims against Eruption as the primary reason for its MOTION FOR EXTENSION. *See* Doc. 22. Assuming this to be the case, Weihai is no longer an interested party in the proceedings, and is not the proper party to be making the request. Rather, it should be made by Sinosure. A week has passed since Weihai allegedly finalized its claim assignment, and this court has yet to see a motion to substitute Sinosure or its counsel. It is a long-established principle that the party bringing a case should ensure its expedition to reach a determination on the merits. *See Sweeney v. Anderson*, 129 F.2d 756, 758 (10th Cir. 1942) (recognizing that the "duty rests upon the plaintiff to use diligence and to expedite his case to a final determination"). Sinosure's continued absence following its assignment undercuts any argument for urgency of preserving the matter for Sinosure's pursuit, contrary to Weihai's request, and further illustrates the dilatory pattern in this case.

## CONCLUSION

The foregoing illustrates the dynamic between Weihai and Eruption. While Eruption has been and continues to be ready and able to resolve this matter promptly, Weihai, and now its assignee Sinosure, only seek delay when the truth has been in front of them the entire time. It is

time the delays end. Weihai cannot demonstrate good cause sufficient to grant its request, and its

MOTION FOR EXTENSION must fail as a result.

  **WHEREFORE**, Eruption respectfully requests the Court deny Petitioner's MOTION FOR

EXTENSION OF TIME TO COMPLETE LIMITED DISCOVERY AND TO RESPOND.

  **RESPECTFULLY SUBMITTED this 9th day of December, 2021.**

       ERUPTION HOLDINGS, INC.,
       a Wyoming Corporation,

         *Plaintiff*.

       *By:*  */s/ Ryan L. Ford*
       Ryan L. Ford, WSB# 7-4667
         rford@wpdn.net
       WILLIAMS, PORTER, DAY & NEVILLE, P.C.
       PO Box 10700
       Casper, WY 82602
       (307) 265-0700
       (307) 266-2306 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System, sending notification of such filing to the following:

**Bradley T Cave**
HOLLAND & HART
bcave@hollandhart.com

**Yan Ge** (*pro hac vice*)
**Michael Amberg** (*pro hac vice*)
**Wenfeng Su** (*pro hac vice*)
KING & WOOD MALLESONS
geyan@us.kwm.com
michael.amberg@us.kwm.com
wenfeng.su@us.kwm.com

**Bing Cheng** (*pro hac vice*)
KING & WOOD MALLESONS
chengbing@cn.kwm.com

*By:*  ___/s/ Ryan L. Ford___
Ryan L. Ford, WSB# 7-4667