UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 DEC 10 PM 2: 31

MARGARET BOTKINS, CLERK
CASPER

WEIHAI TEXTILE GROUP IMPORT & EXPORT CO., LTD.,

Petitioner,

v.

ERUPTION HOLDINGS, INC.,

Respondent.

Case No. 21-MC-147-SWS

## ORDER DENYING PETITIONER'S MOTION TO EXTEND DISCOVERY DEADLINE

Petitioner Weihai Textile Group is a Chinese company that imports and exports clothing and textiles. Respondent Eruption Holdings is a Wyoming corporation, formed in February 2016 and administratively dissolved in April 2019, that sold men's t-shirts to U.S. military members and veterans. Weihai says it entered into a total of seven sales contracts with Eruption over a period of several months in late 2018 to supply Eruption with over half a million dollars' worth of various garments. Weihai asserts Eruption paid the first sales contract but very little after that. Weihai took the matter before a trade arbitration commission in China pursuant to an arbitration clause in each of the sales contracts. The arbitration commission awarded Weihai over $566,000 on the six unpaid sales contracts after Eruption failed to appear for the arbitration.

## BACKGROUND

The Court will not endeavor here to recount the extensive background of this case

as the parties are well-versed on the matter. For additional background information on the dispute, please consult the Court's Order Granting Petitioner's Motion to Conduct Limited Discovery (Doc. 21).

Weihai filed the instant action in U.S. federal court to request an order confirming the international arbitral award in order to enforce it against Eruption. (Doc. 1.) Meanwhile, Eruption contends the arbitral award should be set aside or refused, arguing it never entered into the sales contracts which were the result of fraudulent conduct by a third party, it never had proper notice of the arbitration proceeding, and equity and public policy demand the arbitral award be set aside or refused. (Docs. 11, 12.)

At Weihai's request, and against the presumption that post-award discovery is inappropriate in an arbitral award confirmation proceeding, the Court permitted Weihai to conduct limited discovery into the allegations asserted by Eruption. (Doc. 21.) The Court provided Weihai more than ten full weeks to conduct written discovery and depose Eruption's principal, Mr. John Legge, on four specific topics. (*Id.* pp. 11-12.) To date, Weihai propounded written discovery requests upon Eruption but has not taken Mr. Legge's deposition. (Doc. 22 p. 2; Doc. 23 p. 2.) With the discovery deadline fast approaching on December 17, 2021, Weihai now asks for another four weeks to conduct discovery (Doc. 22), which Eruption opposes (Doc. 23). For the reasons discussed below, the Court denies any extension to the discovery period.

## DISCUSSION

The decision to extend the discovery period is a matter resting within the Court's discretion. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Court can

consider several factors when determining whether the discovery period should be extended, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

Weihai contends the time for discovery should be extended because its insurance provider, Sinosure, "recently compensated Weihai for its losses stemming from the six sales contracts with Eruption that were at issue in the arbitral proceeding," and in exchange Weihai assigned its claims against Eruption to Sinosure on December 2, 2021. (Doc. 22 p. 2.) Thus, Weihai asks to extend the discovery period so that Sinosure's counsel can enter their appearance and "to preserve the opportunity for Sinosure to conduct further discovery under the Discovery order, including but not limited to deposing Mr. John Legge, and to afford adequate time for Sinosure to respond to [Eruption's] Motion to Set Aside." (*Id.*)

As to the first factor, there is no trial in this case as this is an arbitral award confirmation proceeding, but such post-award proceedings are designed to be summary in nature. *See Belize Bank Ltd. v. Gov't of Belize*, 191 F. Supp. 3d 26, 34 (D.D.C. 2016). Thus, time is of the essence and delays are looked upon unfavorably.

As already noted, Weihai's request for additional time is opposed by Eruption. (Doc. 22.) So, the second factor weighs against any extension of the discovery period.

The summary nature of this proceeding impacts the third factor—prejudice to the non-moving party. Eruption asserts it has already set forth the entirety of its case. (Doc. 19 p. 5 ("all of Eruption's cards are on the table").) Eruption has not moved for leave to conduct any discovery of its own, believing it has fully presented its side of the dispute in its Motion to Set Aside or Refuse Arbitral Award and accompanying memorandum (Docs. 11, 12). Thus, all discovery by Weihai (or Sinosure) is prejudicial to Eruption because it requires the expenditure of resources and delays what is intended to be a quick resolution of the matter. Due to the summary nature of this proceeding, the costs to Eruption of allowing Weihai's discovery are not merely inherent costs of litigation. The Court took this prejudice into consideration when it previously crafted a scope-limited and time-limited discovery period (Doc. 21). Consequently, the third factor weighs against any extension of time for discovery.

The fourth factor (whether the moving party was diligent in obtaining discovery within the guidelines established by the court) as well as the fifth factor (the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court) weigh strongly against Weihai's request for additional time. Sinosure's interests in this matter are the same as Weihai's interests, as the doctrine of subrogation allows an insurer who has fully compensated the insured to step into the shoes of the insured. The Court's Order Granting Petitioner's Motion to Conduct Limited Discovery (Doc. 21) provided Weihai ample time to conduct the limited discovery it sought, and it permitted significantly more discovery than normally allowed in an arbitral award confirmation proceeding. *See Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576,

586 (D.C. Cir. 2020) (discovery in a post-award proceeding is the exception rather than the rule). Weihai has offered no reason to suggest it could not have completed the limited discovery within the time ordered if it would have acted with diligence. Further, Weihai says it assigned its claims to Sinosure more than a week ago now (Doc. 22 p. 2), but Sinosure's counsel still has not entered an appearance in this case. The Court set forth very particular deadlines in its Order Granting Petitioner's Motion to Conduct Limited Discovery (Doc. 21) for a reason, and Weihai has not demonstrated how those deadlines could not be met through due diligence.

The final factor, the likelihood that the discovery will lead to relevant evidence, weighs in favor of Weihai's request for more time. The Court previously found several factual questions surrounded Eruption's claims, which supported the initial request for limited discovery on those questions. (Doc. 21 pp. 8-12.) Neither Weihai nor Eruption have presented anything to suggest the limited discovery would not continue to weigh on the factual issues previously identified.

In toto, the Court finds the factors weigh against Weihai's request to extend its time for limited discovery. More than ten full weeks is sufficient to complete some limited written discovery and conduct a single deposition, and Weihai has not offered good cause to suggest otherwise.

## ORDER

The prejudice to Eruption of spending continued time and resources combined with Weihai's apparent lack of diligence establishes that an extension of discovery time is not warranted in this arbitral award confirmation proceeding.

**IT IS THEREFORE ORDERED** that Petitioner Weihai's Motion for Extension of Time to Complete Limited Discovery and to Respond (Doc. 22) is **DENIED**. The discovery deadline shall remain **December 17, 2021**, and Weihai's (or Sinosure's) deadline to respond to Eruption's Motion to Set Aside or Refuse Arbitral Award shall remain **January 7, 2022.**

DATED: December 10th, 2021.

Scott W. Skavdahl
United States District Court Judge